IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MORY KEITA,

    Petitioner

v.

MICHAEL MUKASEY, *et al.*,

    Respondents

CIVIL NO. 4:08-CV-1656

(Judge Jones)

## MEMORANDUM

November 25, 2008

On September 5, 2008, Petitioner Mory Keita, presently a detainee of the United States Immigration and Customs Enforcement ("ICE") Office, held at the Pike County Correctional Facility in Lords Valley, Pennsylvania, filed the instant Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1-1.) On October 7, 2008, Respondents filed a Response (Doc. 6) to the Petition pursuant to this Court's September 17, 2008 Order (Doc. 4). Petitioner requested an extension of time to file a reply (*see* Doc. 8), but the extended deadline has passed (*see* Doc. 9), and he has not filed a reply. Accordingly, the Petition is ripe for review. For the reasons set forth below, the Petition will be dismissed as premature.

## I. BACKGROUND

On or about August 30, 1999, Keita, who is a native and citizen of Guinea, entered the United States at or near New York, New York as a non-immigrant visitor for pleasure. (*See* Doc. 6-2 at 1, Notice to Appear.) On July 16, 2001, his status was changed to Lawful Permanent Resident. (*See id.*) On November 5, 2007, Keita was convicted of Criminal Possession of a Forged Instrument in the second degree in the Supreme Court of the State of New York, County of Queens. (*See id.*) He was sentenced to a term of imprisonment of at least one (1) year. (*See id.*)

On January 3, 2008, ICE initiated removal proceedings against Keita by filing a Notice to Appear. (*See id.*) The Notice, which was served on Keita on February 12, 2008, charged him with violating section 237(a)(2)(iii) of the Immigration and Nationality Act ("INA") inasmuch as, after his admission to the United States, a court convicted him of an aggravated felony as defined in section 101(a)(43)(R) of the INA, a law relating to forgery for which the term of imprisonment is at least one (1) year. (*See id.* at 2.)

On March 11, 2008, an Immigration Judge ordered Keita removed from the United States to Guinea. (*See id.* at 6, Order of the Immigration Judge.) Keita waived his right to an appeal. (*See id.*)

On May 29, 2008, a Post-Order Custody Review was conducted by Deportation Case Officer, Paul Posluszny, to determine if Keita should remain detained. (*See id.* at 8, Post Order Custody Review Worksheet.) Following review of Keita's immigration and criminal history, Posluszny noted that Keita had no letter of support or employment prospects, no known community or family ties, and that he had made no efforts to obtain a travel document. (*See id.* at 8-14.) Accordingly, Posluszny made the following recommendation:

> It is therefore recommended that the subject remain in custody at this time due to the fact that he poses a threat to society and is also poses [*sic*] a significant flight risk should he be released from custody based on abovementioned facts. A request for Headquarters assistance will be sent on today's date.

(*See id.* at 14.) Reviewing Officer Clark and Supervisory Reviewing Officer Blake concurred in the recommendation to continue detention. (*See id.*)

On June 11, 2008, Field Office Director Thomas Decker issued a Decision to Continue Detention. (*See id.* at 16.) Based on a review of his file and/or a personal interview and consideration of any information Keita submitted, ICE denied release for the following reasons:

> You have not taken any measures on your own behalf to obtain a travel document. You have not submitted any evidence for this review, which would substantiate your release from custody at this time. You have no known family or community ties, which demonstrate that you would pose a flight risk if released from custody. Additionally, your criminal

3

history, which includes a conviction for Criminal Possession of a Forged Instrument demonstrate[s] that you would pose a threat to society if released from custody. ICE is currently working with the Embassy of Guinea and Headquarters and a travel document should be issued in the foreseeable future.

Based on the above, you are to remain in ICE custody pending your removal from the United States.

(*See id.*)

Keita argues that he has been detained beyond the six month "presumptively reasonable period of detention" established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*See* Doc. 1 at 3.) He seeks supervised release to live with his wife, a United States citizen, and their three children in Queens, New York, pending his removal to Guinea. (*See id.* at 7.)

## II. DISCUSSION

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under section 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides as follows:

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

>  (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
>  (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Zavydas*, 533 U.S. at 689. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." *Id.* at 701. If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id.* Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Following *Zadvydas*, regulations have been promulgated to meet the criteria established by the Supreme Court. *See* 8 C.F.R. § 241.4. Prior to the expiration of

the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future and that he is entitled to release. 8 C.F.R. § 241.13(d)(1).

Keita's order of removal became final on March 11, 2008 when he waived his right to appeal the Immigration Judge's decision to the Board of Immigration Appeals. (*See* Doc. 6-2 at 6.) Therefore, the ninety-day mandatory detention period expired on or about June 9, 2008. (*See* Doc. 6-1 at 7.) At that point, the presumptively reasonable six-month period established by *Zadvydas* began to run and will expire on or about December 9, 2008. Because the six-month period established by the Supreme Court has not expired, and Keita does not contend that he has been denied a hearing pursuant to *Zadvydas*, his Petition, filed on September 5, 2008, is



prematurely before this Court.¹ The Petition for writ of habeas corpus will be dismissed without prejudice.

An appropriate Order shall issue on today's date.

---

¹The Court notes that, in its "Decision to Continue Detention," ICE stated that if Keita had not been released or removed from the United States by September 7, 2008, jurisdiction over the custody decision in his case would be transferred to the HQPDU. (*See* Doc. 6-2 at 16.) Respondents did not state in their Response that jurisdiction had been transferred, and it is unknown whether jurisdiction was transferred after the Response was filed on October 7, 2008. To the extent that jurisdiction over Keita's case has been transferred to the HQPDU, he is reminded that he may submit a written request for release under 8 C.F.R. § 241.13(d)(1), as discussed above.